IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALTERNATIVE LEGAL SOLUTIONS, INC., an
Oregon corporation, dba COMPLI,

          Plaintiff,

   v.

FERMAN MANAGEMENT SERVICES,
CORPORATION, a Florida corporation; MOSAIC
INTERACTIVE, LLC, a Florida limited liability
company; and STEPHEN B. STRASKE II,
individually,

          Defendants.

CV-07-880-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

    In connection with their motion to dismiss, defendants Mosaic Interactive, LLC ("Mosaic") and Stephen B. Straske II have moved to portions of affidavits submitted by plaintiff, Alternative Legal Solutions, Inc., dba Compli ("Compli"), as inadmissible hearsay (docket # 36). That motion is granted in part and denied in part as follows:

1 - OPINION AND ORDER

I.      **Declaration of Lon Leneve**

Defendants move to strike paragraph 9 of the Declaration of Lon Leneve, Compli's President and Chief Financial Officer, as inadmissible hearsay under FRE 801(c) and 802. Paragarph 9 states as follows:

> 9. Mr. McNally informed me that James Ganther had been pursuing McNally to act both as an investor in and partner with Mosaic. He said Mr. Ganther met with him in Oregon in conjunction with these efforts. Mr. McNally stated that he believed he was told by Mr. Ganther that "Ferman" was a partner in an entity called Fountain Group Holdings, which he described as the majority shareholder in Mosaic.

Since Mr. Ganther is Mosaic's President, his statements are not hearsay, but are statements of a party-opponent and admissible under FRE 801(d)(2)(D). However, Mr. Ganther's statements were made to Mr. McNally who then conveyed them to Mr. Leneve. Thus, Mr. Leneve's statements as to what Mr. McNally told him are hearsay.

Nevertheless, Compli contends that they are admissible under the residual exception in FRE 807 based on circumstantial indicia of reliability. That is true as to Mr. McNally's statement that he met Mr. Ganther in Oregon concerning participation as an investor and partner for Mosaic. Mr. Ganther admits that he came to Oregon once and met with a "third-party administrator" about becoming a "potential business channel" for Mosaic. Ganther Decl. (docket # 22), ¶ 6. Therefore, the first two sentences of paragraph 9 are admissible.

However, Mr. McNally's statement about Financial Group Holdings does not have similar circumstantial indicia of reliability. Given his position at Compli, Mr. Leneve has a personal stake in this litigation and may be inclined to overstate the facts. As Compli contends, it may well be, but is not necessarily, consistent with the other admissible statements by Mr. Ganther to Mr. Apt discussed below. Mr. Ganther did not identify the "angel investor" from

2 - OPINION AND ORDER

Tampa to Mr. Apt.  Compli also points out that defendants have not disputed this statement. However, that does not make the statement true or admissible especially when defendants have moved to strike it.  Furthermore, the statement is based somewhat upon speculation and innuendo by referring only to Mr. McNally's belief.  For these reasons, the third sentence of paragraph 9 is stricken.

## II.      Declaration of James D. Apt

Defendants move to strike the paragraphs 2, 3, and 4 of the Declaration of James D. Apt, Compli's Regional Sales Manager for the Southwestern United States, as inadmissable hearsay under FRE 801(c) and 802.

Paragraph 2 states as follows:

> 2.  I attended the annual meeting of the National Association of Dealer Counsel ("NADC") in Dallas, Texas on March 12, 2007.  James Ganther approached me at a reception held during the NADC conference. Mr. Ganther stated that he was working with Mosaic and that, as a result, he would be Compli's "competition."  He also said that Mosaic was backed by an angel investor, which he described as "local Tampa old family money," or words to that effect.

Since Ganther is Mosaic's President, his statements are not hearsay, but are statements of a party-opponent and admissible under FRE 801(d)(2)(D).  Thus, defendants' motion is denied as to paragraph 2.

Paragraph 3 states as follows:

> 3.  On March 16, 2007, I had a lunch meeting with Dave Robertson. Mr. Robertson is the Executive Director of the Association of Finance and Insurance Professionals ("AFIP"). AFIP is a non-profit organization that acts as the sanctioning body in our industry. AFIP provides a professional certification program and maintains an industry-derived Code of Ethics. Mr. Robertson told me that he is friends with James Ganther. Mr. Robertson explained that Mr. Ganther had informed him that the money for Mosaic came from the "Ferman Group."

3 - OPINION AND ORDER

Defendants seek to strike the last sentence as to what Mr. Robertson told Mr. Apt. Since Mr. Ganther is Mosaic's President, his statements are those of a party-opponent and admissible under FRE 801(d)(2)(D). However, Mr. Ganther's statements were made to Mr. Robertson who then conveyed them to Mr. Apt. Mr. Apt's statements of what Mr. Robertson told him are hearsay. Nor are the statements admissible under the residual exception in FRE 807. Although Mr. Ganther said Mosaic was backed by an "angel investor" from Tampa, there is no admissible connection between that investor and Ferman. Thus, the last sentence of paragraph 3 is stricken.

Paragraph 4 states as follows:

> 4. On March 20, 2007, I participated in a conference call with Mr. Robertson and Lon Leneve, who is Compli's President and Chief Financial Officer. During the call, Mr. Robertson acknowledged that once Mosaic's business was up and running, Mosaic would be Compli's "direct competitor."

This statement is admissible because it is offered not for the truth of the matter asserted, but to show the state of mind of knowledgeable individuals within the industry as to the software and services provided by Mosaic and Compli. It contradicts Mosaic's claim that it does not seek to compete with Compli.

DATED this 28th day of November, 2007.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

4 - OPINION AND ORDER