Kimberlee C. Morrow
kcm@hhw.com
Sean M. Bannon
smb@hhw.com
HOFFMAN, HART & WAGNER, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone:    (503) 222-4499
Facsimile:    (503) 222-2301

<u>Of Attorneys for Defendants</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALTERNATIVE LEGAL SOLUTIONS, INC., an Oregon corporation, dba COMPLI,<br><br>Plaintiff,<br><br>v.<br><br>FERMAN MANAGEMENT SERVICES CORPORATION, a Florida corporation; MOSAIC INTERACTIVE, LLC, a Florida limited liability company; STEPHEN B. STRASKE II, individually, and JAMES GANTHER, individually,<br><br>Defendants. | No. CV07–880-ST<br><br>AFFIDAVIT OF STEPHEN STRASKE IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

STATE OF FLORIDA        )
                                        ) ss.
County of Hillsborough    )

I, Stephen Straske, being first been duly sworn, do hereby depose and say as follows:

1.   I am over the age of 18 and I make this affidavit based on personal knowledge of the facts contained herein.

Page 1 -    AFFIDAVIT OF STEPHEN STRASKE IN SUPPORT
OF DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

2. I am an attorney, licensed to practice law in the State of Florida. I am the current Vice President and Corporate Counsel of Ferman Management Services Corporation (hereinafter "Ferman").

3. Ferman and Compli entered into a contract in the summer of 2005 for the use of plaintiff's on line system. Jim Brakeman represented Ferman in the contract negotiations and, except for receiving periodic updates from Mr. Brakeman about the status of contract negotiations, I had no involvement in negotiating or entry into the contract on behalf of Ferman. At no time prior to Ferman contracting with plaintiff did I review the plaintiff-Ferman agreement. I had not seen the plaintiff-Ferman agreement until being served with the complaint in this matter. Ferman's primary purpose in entering into the plaintiff-Ferman agreement was to provide a human resources function for Ferman, namely to track employee compliance with its own policies. Prior to contracting with plaintiff, Ferman was looking for a system that allowed its employees to view and be tested on Ferman company policies, to have Ferman supervisors electronically notified of which employees had or had not completed those tests, and to have electronic reports of employee completion of company policy tests. Ferman was only interested in using plaintiff's web site for these same reasons.

4. I was initially interested in plaintiff's product for access to a finance and insurance ("F & I") compliance training curriculum. I did not see plaintiff's product as an effective F & I compliance system because it did not provide substantive training modules for Ferman's F & I professionals to review.

5. In early 2007, I asked James Ganther whether the Ferman policy handbook could be placed and viewed on Mosaic's web site. Mr. Ganther contacted James Brakeman about this issue and Mr. Brakeman allowed access to plaintiff's web site for Mr. Ganther and his software provider, Intelladon. The only purpose of Intelladon's access to plaintiff's web site was to

Page 2 -     AFFIDAVIT OF STEPHEN STRASKE IN SUPPORT
             OF DEFENDANTS' MOTION FOR PARTIAL
             SUMMARY JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

determine whether Ferman's content (policies, tests on those polices, and employee history), could be presented on Intelladon's system. At no time did I authorize any Ferman, Intelladon, or Mosaic employee to use or copy any content, feature, or function of plaintiff's on line system viewed during Ganther and/or Intelladon's access to plaintiff's on line system. At the time James Brakeman authorized the access for James Ganther through Intelladon, I had not seen the plaintiff-Ferman agreement and knew of no prohibition against allowing such access.

6. The user accounts created by Ferman for James Ganther and Intelladon employees were identified by their own names and were viewable to plaintiff on its system. No one from Mosaic or Intelladon ever attempted to disguise their identities while logging onto plaintiff's system.

7. At no time have I or anyone from Ferman used or copied any content, feature, or function of plaintiff's on line system viewed during any access to plaintiff's on line system. Neither I nor anyone from Ferman has in any way replicated the appearance or organization of plaintiff's system viewed during any access to plaintiff's on line system.

8. At no time did anyone from Ferman grant "administrative" permissions for anyone from Mosaic or Intelladon on the plaintiff-Ferman web site.

9. At no time did I or any employee of Ferman interfere with any of plaintiff's contractual relationships or prospective business relationships.

//
//
//
//
//
//

Page 3 -   AFFIDAVIT OF STEPHEN STRASKE IN SUPPORT
           OF DEFENDANTS' MOTION FOR PARTIAL
           SUMMARY JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499

10. At no time did I or any employee of Ferman interfere with plaintiff's use or possession of its web site system or any of the information available on that system.

DATED this 1st day of December, 2008.

_____
Stephen Straske

SUBSCRIBED AND SWORN to before me this 1st day of December, 2008.

_____
Notary Public for Florida
My Commission Expires: May 8, 2010

Page 4 -    AFFIDAVIT OF STEPHEN STRASKE IN SUPPORT
            OF DEFENDANTS' MOTION FOR PARTIAL
            SUMMARY JUDGMENT

HOFFMAN, HART & WAGNER LLP
Attorneys at Law
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
Telephone (503) 222-4499