IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALTERNATIVE LEGAL SOLUTIONS, INC., an
Oregon corporation, dba COMPLI,

        Plaintiff,

v.

FERMAN MANAGEMENT SERVICES,
CORPORATION, a Florida corporation; MOSAIC
INTERACTIVE, LLC, a Florida limited liability
company; and STEPHEN B. STRASKE II,
individually,

        Defendants.

CV-07-880-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

In connection with their summary judgment motions, plaintiff and defendants have moved to strike certain evidence or statements of material fact. Many of these motions are not well-taken and simply rest on the parties' differing view of the evidence. Other motions could have been avoided if the parties had limited the witnesses' affidavits to personal knowledge,

1 - OPINION AND ORDER

more accurately stated the witnesses' testimony, and, better yet, complied with the court's Order waiving Local Rule 56.1(a)(2) requiring a Concise Statement of Material Facts supporting a motion for summary judgment. After sifting through the voluminous and avoidable submissions, the parties' motions are granted in part and denied in part as follows:

I. **Plaintiff's Amended Motion to Strike (docket #180)**

Plaintiff's Amended Motion to Strike is granted as to the following, and otherwise denied:

Affidavit of James Ganther (docket #136):

Paragraph 7, except for the sixth sentence which reads "Although Ferman emailed plaintiff's roll out materials to me, I did not solicit those materials;" and

Paragraph 8, except as to the first sentence.

Affidavit of Stephen Straske (docket #138):

Second sentence of paragraph 5; and

References to "anyone from Ferman" and "any employee of Ferman" in paragraphs 7, 8, and 9.

Affidavit of Robert Young (docket #140):

The phrase "the products were independently developed and" in paragraph 4.

II. **Defendants' Motion to Strike (docket #194)**

Defendants' Motion to Strike is granted in part and denied in part as follows:

Background Facts in plaintiff's Response Memorandum and plaintiff's Legal Argument:

Denied. However, the court will ignore any facts or legal argument not supported by admissible evidence.

<u>Plaintiff's Response to Defendants' Concise Statement of Fact</u>:

Granted as to the following, and otherwise denied:

Response to Paragraph 2:

Second paragraph, second sentence: "review the system with" (for which the court will substitute the words "meet with");

Second paragraph, third sentence ("Similarly, Ganther knew about . . . summer of 2006.");

Third paragraph, first part of third sentence ("Prior to Shimberg's meeting with Ganther to discuss developing an on-line compliance system");

Third paragraph, last sentence ("It is reasonable to infer . . . ).

Response to Paragraph 3:

Second paragraph, second sentence ("In his deposition . . . viewed Compli's system.").

Response to Paragraph 6:

First paragraph, last two sentences ("Nonetheless, Brakeman's Affidavit . . . . should be stricken.").

Response to Paragraph 7:

Second paragraph, first ("Mosaic's and Intelladon's . . . )and third sentences ("What Ferman and Mosaic wanted . . .").

Response to Paragraph 8:

Second paragraph, last sentence ("A reasonable inference. . . .").

3 - OPINION AND ORDER

Response to Paragraph 9:

    First paragraph, second, third and fourth sentences ("Moreover, . . . to access Compli's system.");

Response to Paragraph 12:

    Second paragraph, last part of second sentence ("including notification . . . partitioning capability, among others.").

    Second paragraph, last sentence ("Mosaic was not aware . . .").

    Last paragraph, last part of fifth sentence ("by not truthfully representing that it had no intention of continuing the services.").

Response to Paragraph 13:

    Second paragraph, last two sentences ("Mosaic did not have . . . of the Compli system.").

Response to Paragraph 14:

    Second paragraph, last sentence ("Consequently . . .").

Response to Paragraph 18:

    Second paragraph, part of last sentence ("improperly disclosed the contract price for the Ferman/Compli Contract to Ganther and").

Response to Paragraph 19:

    Second paragraph, last part of last sentence ("with no intent to renew the contract or to compensate Complis for Ferman's use.").

///

///

<u>Plaintiff's Further Additional Material Facts</u> (as amended by plaintiff in its Response):

Granted as to the following and otherwise denied:

    Last part of last sentence of paragraph 20 ("and had already reviewed the training modules from Compli.");

    The words "test site" in the first sentence of paragraph 24 (for which the court will substitute the word "process" as set forth in DEx. 57);

    Paragraph 25; and

    Reference to Ganther Depo. in paragraph 27.

<u>Exhibits and Paragraphs Not Cited by Plaintiff</u>:

    Denied.

<u>Plaintiff's Declarations</u>:

    Granted as to the following and otherwise denied:

    <u>Declaration of James Apt</u>:

        Third sentence of paragraph 3 ("At the 2008 NADA convention, . . .)

    <u>Declaration of Lon Leneve</u>:

        Third (last) sentence of paragraph 14b;

        Last sentence of paragraph 14c;

        Last part of last sentence of paragraph 15a ("and we still hear of Mosaic as possibly competing with us in terms of a relationship with Dixon Hughes."); and

        Last part of last sentence of paragraph 15g ("plus we have seen . . . in the agreement.").

This court will not consider any of the evidence stricken in this Order in this Findings and Recommendation concerning the parties' pending summary judgment motions.

DATED this 5th day of May, 2009.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge